**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | |
|---|---|
| DEVONTAE RIVERS, </br></br>   Petitioner, </br></br> v. </br></br> DALE COOK, Sheriff, Mississippi County </br></br>   Respondent. | ) </br> ) </br> )    **Case No. 3:12-CV-00087 SWW-JTK** </br> ) </br> ) </br> ) </br> ) |

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### Instructions

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if

      such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

**Disposition**

Petitioner Devontae Rivers filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on March 29, 2012 (Doc. No. 2). He is currently incarcerated in the Mississippi County Detention Center awaiting trial on charges of aggravated robbery, kidnapping, and capital murder. He believes that he is being held in violation of the Constitution because Arkansas's initial basis for custody arose from the charge for aggravated robbery, a crime that allegedly took place in Kennett, Missouri. Thus, Petitioner argues that the State of Arkansas had no basis for its original detention, which led to the additional charges.

Although section 2241(c)(3), which establishes federal habeas jurisdiction over certain pre-trial petitions, does not specifically include an exhaustion requirement, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 489-92 (1973). "[N]othing

we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The majority in *Braden* was adamant that it did not convert "federal habeas corpus into 'a pretrial-motion forum for state prisoners,'" and there are significant differences that prevent Petitioner's claims from receiving the same treatment as the claims made in *Braden*. *Id.* at 493. Braden differed from Petitioner because Braden's indictment was over three years old, he had made repeated speedy trial demands, further delays in trial would have impaired his ability to defend himself, the existence of the Kentucky indictment prejudiced his opportunity for parole in Alabama, and the Court found that he had made "no effort to abort a state proceeding or to disrupt the orderly functioning of state judicial processes" because "[h]e delayed his application for federal relief until the state courts had conclusively determined that his prosecution was temporarily moribund." *Id.* at 491.

Petitioner's petition is deficient for at least two reasons. First, it does not appear that Petitioner has made *any* attempt to make his argument to the Arkansas state courts, other than a grievance that he filed with the Mississippi County Detention Center on March 19, 2012. Second, it is unclear what the basis for Petitioner's requested relief is because he does not refer to any specific federal laws or portions of the Constitution.

IT IS THEREFORE ORDERED that Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be, and it is hereby, dismissed without prejudice.

SO ORDERED this 24th day of May, 2012.

_____
United States Magistrate Judge